# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. RAEVON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23 CV 383 MTS |
| | ) | |
| GARDA WORLD SECURITY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Self-represented and frequent litigator, Dr. Raevon Parker (also known as Raevon Terrell Parker),[1] brings this employment discrimination action against his former employer, Garda World Security Services. Doc. [1]. Now before the Court is Plaintiff's motion for leave to proceed in forma pauperis, or without prepayment of the required fees and costs. Doc. [2]. Upon consideration of the financial information submitted in support of the motion, the Court finds that Plaintiff is unable to pay the full filing fee. The motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff is now proceeding in forma pauperis, his complaint is subject to review under 28 U.S.C. § 1915. Based on such review, this case will be dismissed for failure to exhaust administrative remedies and for failure to state a claim.

---

[1] Plaintiff has filed many *pro se* and *in forma pauperis* cases in this Court in the past few years; most of which have been dismissed for reasons set forth in 28 U.S.C. § 1915(e)(2). *See Parker v. Settle*, No. 4:20-cv-214-AGF (E.D. Mo. 2020); *Parker v. Settle*, No. 4:20-cv-216-AGF (E.D. Mo. 2020); *Parker v. Settle*, No. 4:20-cv-219-SRC (E.D. Mo. 2020); *Parker v. Apple, Inc.*, No. 4:20-cv-731-SEP (E.D. Mo. 2020); *Parker v. United States of America*, No. 4:20-cv-1200-NCC (E.D. Mo. 2020); *Parker v. United States of America*, No. 4:20-cv-1251-NCC (E.D. Mo. 2020); *Parker v. Apple, Inc.*, No. 4:20-cv-1784-NAB (E.D. Mo. 2020); *Parker v. Microsoft Corp.*, No. 4:21-cv-1031-JAR (E.D. Mo. 2021), *aff'd*, No. 21-3306 (8th Cir. 2022); *Parker v. Apple, Inc.*, No. 4:21-cv-1041-DDN (E.D. Mo. 2021); *Parker v. Dep't of the Treasury*, No. 4:21-cv-1227-JAR (E.D. Mo. 2021).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff initiated this action against his former employer, Garda World Security Services, on a form complaint for employment discrimination actions. Doc. [1]. He brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"); the Age Discrimination in Employment Act of 1967 ("ADEA"); the Americans with Disabilities Act of 1990 ("ADA"); and federal, state and county "polic[ies] on marijuana." *Id.* at 3. Plaintiff claims he suffered employment discrimination on the basis of his race, color, gender/sex, religion, national origin, age, and a "back pain" disability or perceived disability. *Id.* at 4. He alleges that the alleged discriminatory conduct occurred on January 28, 2023, and that it included termination, unequal terms and conditions of employment, and retaliation. *Id.* Plaintiff makes a single statement of fact in support of his claim: "I was terminated immediately, secretly and unjustly." *Id.* On his 'Civil Cover Sheet,' Plaintiff states further that his employment was terminated "for personal reasons by supervisor." Doc. [1-2]. He seeks 500 million dollars in damages. Doc. [1 at 5].

In response to form questions regarding exhaustion of his federal administrative remedies, Plaintiff responds that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 21, 2023, but that he has not been issued a Notice of Right to Sue letter. *Id.*

Plaintiff attached many exhibits to the form complaint. Most of them appear to relate to his current financial status and these were considered in the Court's decision to grant Plaintiff *in forma pauperis* status. *See* Docs. [1-3], [1-4], & [1-5] at 4-5. For unknown reasons, Plaintiff also included a copy of his state medical marijuana license. *See* Doc. [1-5] at 2-3. Finally, Plaintiff attached a letter to an unknown party, dated March 2023, which states his belief that he was discriminated against by Garda World Security Services when he was terminated after he reported a hazard – specifically a "flameable can behind a space heater" – to his site supervisor. *Id.* at 6.

**Discussion**

Title VII makes it unlawful for an employer to discriminate against an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must assert that he: (1) is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Similarly, the ADEA makes it unlawful for an employer to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of his age. 29 U.S.C. § 623(a). Persons aged forty and over are protected by the ADEA. 29 U.S.C. § 631(a). In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) he is over forty; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).

Finally, the ADA prohibits covered employers from discriminating against a "qualified individual" on the basis of disability. 42 U.S.C. § 12112(a). To establish discrimination under the ADA, a plaintiff must allege that he (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

I.      **Failure to Exhaust Administrative Remedies**

Timely filing a charge of discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII, the ADA and the ADEA. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA has adopted Title VII's enforcement procedures); 29 U.S.C. § 626(d)(1) (ADEA requiring charge with EEOC before initiating civil action). *See also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846, 1850-51 (2019) (filing a charge with the EEOC, while not jurisdictional, is a precondition that must be met before bringing Title VII suit). "The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988).

However, not only must a plaintiff file a charge of discrimination, but he must also receive a right-to-sue letter. "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State Ark. DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017); *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."). Upon receipt of a right-to-sue notice, a plaintiff may commence a suit in federal court against his employer.[2]  42 U.S.C. § 2000e-5(f)(1).  When a claim has not been properly exhausted, dismissal is proper. *Richter*, 686 F.3d at 851 (affirming district court dismissal for failure to exhaust).

---

[2] The Court further notes that the form complaint Plaintiff used in this case clearly warns Plaintiff of the requirement to exhaust administrative remedies before filing suit. *See* Doc. [1] at 3 ("In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.").

5

In this case, Plaintiff states that he filed a charge with the EEOC on March 21, 2023 – the day before his complaint in this matter was signed.  *See* Doc. [1] at 5-6.  Plaintiff admits that he had not yet received a right-to-sue letter when he completed the complaint.  *Id.* at 5.  As such, based on the face of the complaint, this case must be dismissed for failure to exhaust administrative remedies.  *See Richter*, 686 F.3d at 851.

II.     **Failure to State a Claim**

Furthermore, even if it was not clear from the face of the complaint that Plaintiff has not exhausted his administrative remedies, this case would still be subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff brings his discrimination claims under Title VII, the ADEA, the ADA, and various marijuana policies.  The only factual support provided for these claims is Plaintiff's allegation that he was terminated by his supervisor for personal reasons involving the reporting of a site hazard.  In terms of a Title VII discrimination claim based on race, color, religion, sex, and/or national origin, the complaint contains no allegations that Plaintiff's termination was related to his membership in any protected class, or that he was treated differently due to his membership in a protected class.  Similarly, Plaintiff makes no assertions of age or disability discrimination that would support claims under the ADEA or the ADA.  Finally, Plaintiff provides no details on any valid employment claims based on marijuana policies.  The allegations of the complaint simply do not state a claim of employment discrimination upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  For these reasons, this case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because Plaintiff failed to exhaust administrative remedies before filing suit, and because the complaint fails to state a claim upon which relief may be granted. Plaintiff's claims against defendant Garda World Security Services are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of May, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE